UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

DARNELL CUMMINGS,

        Plaintiff,

    -v-

DAVID PATTERSON, et al.,,

        Defendants.

**DECISION AND ORDER**
12-CV-0618S

---

## INTRODUCTION

Plaintiff, Darnell Cummings, currently an inmate at the Wende Correctional Facility, filed a complaint under 42 U.S.C. § 1983, alleging that between 1999 and 2012 he had been denied adequate medical treatment and a reasonable accommodation for an eye condition--Keratoconus--which was first diagnosed in 1999 by an optometrist while he was incarcerated at the Camp Georgetown Correctional Facility. (See Docket No. 4, Order, at 1-2.) He alleged that the condition worsened during his years of incarceration at over eight or nine different correctional facilities throughout the State of New York and that he is now legally blind due to the repeated prescription of contact lenses which led to scarring of the cornea. (Id.) The complaint named a total of 37 defendants, including the former Governor of the State of New York, David Paterson, and what appeared to be each and every medical provider, both outside medical providers and

employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), who treated plaintiff at some time at or near each of the correctional facilities in which he was incarcerated. Because the complaint referred to repeated requests for and denials of a reasonable accommodation, the Court, upon initial review of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, construed the complaint to have been brought under both 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*

Upon said review of the complaint, the Court (1) granted plaintiff permission to proceed *in forma pauperis*; (2) dismissed with prejudice the claims against defendants former Governor Paterson and former DOCCS' Commissioner Fischer; (3) dismissed with prejudice the claims under 42 U.S.C. § 1983 and ADA for monetary damages against each of the named defendants in their official capacities; (4) dismissed the claims under the ADA against each of the named defendants in their individual and official capacities, except to the extent plaintiff was granted leave to file an amended complaint to assert a claim under the ADA against the proper "public entity" at issue; (5) dismissed without prejudice the claims against a number of defendants--Wright (11/2/08);[1] Brewer (9/99 or 10/99); Berger (9/18/08); Druger (11/23/04); Alpert (6/05); Girardi

---

[1] The date(s) in the parentheses next to each defendant's name represented, at least as far as the Court could discern from the complaint, the last date each defendant was alleged to have been involved in any way with plaintiff's care and/or engaged in an alleged act of deliberate indifference. (Order, at 25, n. 9.)

(8/27/08); Petrela (8/04/05); Austin (1/19/06); Dr. John Doe #1 (5/17/02); Dr. John Doe #2 ((9/04); Dr. John Doe #3 (8/17/06); Haluska (3/1/07); Belin (12/3/07); Celotti (3/29/08); Conway (5/5/09); Dolce (11/11/08); Rao (2/25/09); Killinger (11/17/08); Strubel (4/24/09); Jones (4/24/09); and Dr. Jane Doe (12/31/08)--based on the statute of limitations but provided plaintiff an opportunity to file an amended complaint against those defendants with specific direction to address the statute of limitations issue and why the complaint should not be dismissed with prejudice against those defendants; and (6) directed that, in the event plaintiff failed to file an amended complaint as directed, service of the summons and complaint was to be effected upon the other (remaining) defendants--David Unger, Carol Edwards, Gregory Mohring, Suzanne Jacobs, Bryan Bradt, S. Durfee, Dr. Bozer, M. Sheehan, Dr. Robert Eden, Dr. Swan, Dr. Weyand, Dr. Sandra Everett, Dr. Abhishek Nemani and Dr. Wurzel. (Order, at 24-29, 31-34.)

After the filing of a notice of interlocutory appeal (Docket No. 6)[2] and a request for an extension of time to file an amended complaint (Docket No. 5), plaintiff did not file an amended complaint as directed but rather filed a motion for

---

[2]The filing of an interlocutory notice of appeal from a non-appealable order does not divest the district court of jurisdiction. *See Leonhard v. U.S.*, 633 F.2d 599, 610 (2d Cir. 1980); *see also KB Dissolution Corp. v. Great American Opportunities, Inc.*, 705 F.Supp.2d 326, S.D.N.Y. 2010) ("[D]istrict courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders.") (citing *Nat'l Council of La Raza v. Dep't of Justice*, 345 F.Supp.2d 412, 413 (S.D.N.Y.2004), *aff'd*, 411 F.3d 350 (2d Cir.2005)).

leave to amend the complaint with a supporting affidavit. (Docket No. 9.)[3] The affidavit, despite directions to plaintiff that he had to file a separate amended complaint that included both the claims supporting a continuing violation theory against the defendants whom the complaint had been dismissed against without prejudice and the Eighth Amendment deliberate indifference claims that were going to proceed to service without amendment (Order, at 30-31, 32, n.11), includes various facts previously alleged regarding when he was treated by certain defendants and why certain defendants should not be dismissed, and incorporates by reference the original complaint. (Docket No. 9, Affidavit.) The affidavit also notes that plaintiff seeks to amend the complaint to add an ADA Title II claim against DOCCS. (*Id.*, ¶ 3.) Plaintiff has not filed, as directed, however, a separate amended complaint. (Docket No. 9, Motion and Affidavit.)

Because plaintiff has not filed an amended complaint as directed but rather incorporates by reference his original complaint and sets forth facts and legal arguments in the affidavit regarding why the complaint should not be dismissed against certain defendants, *e.g.*, Dolce (Affidavit, ¶¶ 21-24, 27-28), Conway (*id.*, ¶ ¶ 31-32), Killinger (*id.*, ¶¶ 20-23) and Wright (*id.*, ¶¶ 35-36), the Court will deny as moot plaintiff's motion to amend the complaint because a motion is not necessary at this time, *see* Fed.R.Civ.P. 15(a)(1), and may either direct plaintiff to file an

---

[3] The Docket Report mis-identifies the Notice of Motion to Amend (Docket No. 9) as an "Amended Complaint," and the Clerk of the Court will be directed below to correct this docketing error.

amended complaint as directed initially or construe the affidavit as either a "partial" amended complaint in conjunction with the original complaint or treat it as what it is--an affidavit as to why the claims dismissed without prejudice should be reinstated and not dismissed with prejudice. If the Court were to construe the affidavit as a partial amended complaint in conjunction with the original complaint to comprise a "complete" amended complaint, the amended complaint would be too difficult to answer or otherwise respond to by defendants. See Fed.R.Civ.P. 8(a), 10(b); see also Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005) (Rule 10(b) "was designed to facilitate [] the clear presentation of the matters set forth, so that the allegations might easily be referenced in subsequent pleadings.") (internal quotation marks and citation omitted)); Sandler v. Campana, 1992 U.S. Dist. LEXIS 19216, at * 9 (E.D. Pa. 1992) (the purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading") (citing 5C Wright & A. Miller, Federal Practice and Procedure, § 1323 at 735 (1990)). Accordingly, the Court will review the affidavit and determine whether the claims dismissed without prejudice should be reinstated or dismissed with prejudice on the basis of the statute of limitations.

## DISCUSSION

### A. STATUTE OF LIMITATIONS

The Court's initial Order herein noted that the applicable statute of limitations for plaintiff's deliberate indifference claims under § 1983 was three

years (Order, at 22 (citations omitted)), and that, as such, it appeared that all of plaintiff's claims that accrued prior to May 25, 2009--*i.e.*, three years prior to the date plaintiff filed the complaint--were time barred unless plaintiff could establish that the "continuing violation" doctrine applied to said claims and thus "delay[ed]" the accrual of plaintiff's claims. (*Id.*, at 23.) The Court noted that in *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009), "the Second Circuit [had] recognized that the 'continuing violation' doctrine could apply to 'delay' the accrual of an Eight Amendment claim alleging a 'policy' of deliberate indifference to serious medical needs." (*Id.* (citing *Shomo*, 579 F.3d at 179, 181).) The continuing violation theory applies to a deliberate indifference claim only when "plaintiff shows an ongoing policy of deliberate indifference to his other serious medical needs **and** some acts in furtherance of the policy within the statute of limitations period." *Shomo*, 579 F.3d at 179 (emphasis added).

As clearly set forth in the initial Order " '[i]t is not enough to simply allege that *someone* committed a wrongful act within the statute of limitations period[;]' " (Order, at 23 (quoting *Crenshaw v. Syed*, 2011 WL 2975687, at *4 (N.D.N.Y., March 8, 2011) (emphasis in original)), it must be shown that " 'those specific individuals committed at least one wrongful act within the statutory time period.' " (Order, at 23 (quoting *Gonzalez v. Hasty*, 2012 WL 4473689, at *8 (S.D.N.Y., Sept. 28, 2012) (quoting *Gonzalez v. Wright*, 665 F.Supp.2d 334, 350 (S.D.N.Y. 2009)). Thus, in order for the continuing violation theory to apply, plaintiff must

6

allege that "the defendant committed a wrongful act within the statute of limitations." *Crenshaw*, 2011 WL 2975687, at 4; *see also Gonzalez*, 665 F.Supp.2d at 350 ("[t]he Second Circuit's decision [in Shomo] to affirm the dismissal of the claims against [two defendants,] Dr. Singh and the physician assistant[,] made clear that in order for the continuing violation doctrine to apply, plaintiff needed to show that *those specific individuals* committed at least one wrongful act within the statutory time period.") (emphasis added)).

Plaintiff was therefore directed to file an amended complaint, *see Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (district court should not dismiss a pro se prisoner's complaint on the basis of an anticipated statute-of-limitations defense without first providing plaintiff with notice and an opportunity to be heard), and to address specifically whether each defendant that was not alleged in the complaint to have committed a wrongful act (deliberate indifference) within the three years statute of limitations--*i.e.*, on or after May 25, 2009--and was thus dismissed from this action without prejudice based on the statute of limitations, committed a wrongful act within the statute of limitations. *Id.* (Order, at 25-26.)

As noted, plaintiff filed an affidavit wherein he sets forth a number of allegations regarding when certain defendants were involved with his eye treatment but, upon review of these "allegations," none of them allege or establish that any of the defendants dismissed previously for not having been alleged to have committed a wrongful act within the statute of limitations, did commit a

7

wrongful act within the statute of limitations. (Docket No. 9.) For example, plaintiff alleges that he wrote to defendant Dolce, Attica's Deputy Superintendent, on November 2, 2008, regarding his claim that the prescribed contact lenses were not "quell[ing] plaintiff's vision impairment." He also alleges that on December 2, 2008, Dolce again denied plaintiff a request for a reasonable accommodation in relation to his inability to wear contact lenses. (Docket No. 9, Affidavit, ¶¶ 24, 27.) Similarly, plaintiff alleges that defendant Nurse Killinger, who he wrote to upon his transfer to Attica on October 29, 2008, explaining his eye disease and that the contact lenses he had been prescribed elsewhere were damaging his eyes, did not assist him nor provide him with an accommodation. (Id., ¶¶ 20-23.) While plaintiff alleges that "Dolce['s] erroneous decision to deny plaintiff a reasonable accommodation culminated into a policy of denials that followed him for the next four years, until September, 2011 when he was finally given a reasonable accommodation"--i.e., a transfer to the Eastern Correctional Facility's Sensory Disability Unit--there are no allegations that Dolce nor Killinger and Conway,[4] Attica's Superintendent, committed any specific acts within the statute of limitations. (Id., at 20-32.)

---

[4] Dolce and Conway are the only two defendants that plaintiff argues expressly should "remain a defendant" in this action. (Docket No. 9, Affidavit, ¶¶ 29, 32.) As to all the other defendants referred to in the affidavit, plaintiff just sets forth some dates when they treated him or were involved with his care, none of them within the statute of limitations however. Liberally construing the affidavit, however, the Court presumes that plaintiff intended to argue that all the defendants dismissed without prejudice should remain in this action.

8

Because plaintiff has not alleged that the defendants dismissed without prejudice committed any wrongful act(s) within the statute of limitations, the complaint as against them will be dismissed with prejudice, and the summonses and complaints shall be served upon the remaining defendants, including DOCCS. The only claim against DOCCS is the ADA claim.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court shall add the New York State Department of Corrections and Community Supervision as a defendant to this action and that the complaint shall be construed as alleging a claim against said defendant under Title II of the ADA only;

FURTHER, that the Clerk of the Court shall correct the Docket Report to reflect that Docket No. 9 is a "Notice of Motion to Amend Complaint," not an "Amended Complaint," and that the Motion to Amend Complaint is denied;

FURTHER, that the claims against the following defendants are dismissed with prejudice and the Clerk of the Court shall terminate said defendants as parties to this action: Lester N. Wright, Dr. Schiele Brewer, Dr. Edward Berger, Dr. Robert Druger, Dr. Samuel Alpert, Dr. David Girardi, Dr. Elvis Petrela, Dr. Robert Austin, Dr. John Doe #1, Gowanda, Dr. John Doe #2, Five Points, Dr. John Doe #3, Harrison Center, Dr. Joseph Haluska, Dr. Michael Belin, Dr. Michael Celotti, James T. Conway, Sandra Dolce, Dr. J. Rao, Rouslin Killinger, G. Strubel, Mark Jones and Dr. Jane Doe, Ophthamologist Wende C.F.;

FURTHER, that the Clerk of the Court shall cause the United States Marshals Service to serve the Summons and Complaint (Docket No. 1), the Order, filed February 25, 2013 (Docket No. 4), the Notice of Motion to Amend Complaint (Docket No. 9), and this Order upon defendants David Unger, Carol Edwards, Gregory Mohring, Suzanne Jacobs, Bryan Bradt, S. Durfee, Dr. Bozer, M. Sheehan, Dr. Robert Eden, Dr. Swan, Dr. Weyand, Dr. Sandra Everett, Dr. Abhishek Nemani and Dr. Wurzel,[5] without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[6] and

FURTHER, that the Clerk of the Court shall forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _O ct 14_, 2013

---

[5] The Court notes that there may be issues regarding the proper or most convenient venue for those claims asserted against defendants from Eastern Correctional Facility and SUNY-Harrison Eye Center but those issues may be addressed by the parties and the Court at a later time if and when issue is joined. See 28 U.S.C. §§ 1391(b)(1)-(2), 1404(a).

[6] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.