

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARNELL CUMMINGS,

        Plaintiff,

-v-

DAVID UNGER, et al.,

        Defendants.

**DECISION and ORDER**
12-CV-0618S

---

Plaintiff has filed a letter with the Court again asking the Court for the appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Docket No. 7.)[1] His first motion was denied without prejudice as premature. (Docket No. 4, Decision and Order, at 2.) There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-*

---

[1]The letter also asks the Court for permission to amend the complaint to assert a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Court in a Decision and Order entered subsequent to the instant letter, noted that, since defendants had not yet filed an answer or responsive pleading to the complaint, plaintiff did not need to file a motion to amend the complaint and could file an amended complaint as a matter of course pursuant to Fed.R.Civ.P. 15(a)(1). (Docket No. 11, Decision and Order, at 4.) Accordingly, to the extent plaintiff's letter could be construed as a motion to amend the complaint, it is denied without prejudice because a motion to amend is not necessary at this time. If plaintiff wishes to file an amended complaint he may do so pursuant to Fed.R.Civ.P. 15(a)(1).

The Court also notes that the complaint has been construed liberally to allege a claim under both 42 U.S.C. § 1983 and Title II of the ADA. (Docket No. 4, Decision and Order, at 11, n.4, and 25-27.) The ADA claims were dismissed as to all defendants but plaintiff was granted leave to amend to add the New York State Department of Corrections and Community Supervision as a defendant on the ADA claim. (*Id.*, at 27.) In a later Decision and Order, the Court directed that the New York State Department of Corrections and Community Supervision be added as a defendant to this action and served with the summons and complaint. (Docket No. 11, Decision and Order, at 10-11.)

*Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff claims that he received inadequate medical treatment for his eye condition--Keratoconus--which has left him legally blind and, thus, he needs inmate

2

assistance to write or type his letters and other documents for this matter. The Court is not unsympathetic to plaintiff's disability, but notes that plaintiff has been able to file with the Court, among other things, a well-organized and cogent 27 page, typewritten complaint with over 50 pages of exhibits, and a response to the Court's Order directing him to show cause why a number of the claims set forth in the complaint should not be dismissed as time-barred. While his disability no doubt hampers to some degree his ability to represent himself in this matter, it has thus far not hampered him to such a degree that he has been unable to proceed *pro se* at this time. As noted, the initial factor the Court must look at in assessing whether counsel should be appointed is the likelihood of merit of the claims. At this time, there simply is not sufficient information for the Court to make such a determination. Defendants have not yet been served in this action. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. The Court, however, is mindful of plaintiff's status and to the extent he may need reasonable extensions of time to meet deadlines or the like, he may ask for such relief.

SO ORDERED

Dated: December 13, 2013
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court