*Rev Mar 2018*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARNELL CUMMINGS,

                              Plaintiff,

-VS-

DOCCS,
et al.,

                              Defendants.

_____

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE AND RELEASE PURSUANT TO RULE 41(A)**

12-CV-618

OAG No. 14-167149-01

      This STIPULATION OF SETTLEMENT AND DISCONTINUANCE AND RELEASE ("Settlement Agreement") is made by and between Plaintiff DARNELL CUMMINGS ("Plaintiff") and Defendant NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS" or "Defendant").

      WHEREAS, plaintiff, **DARNELL CUMMINGS**, filed the instant action alleging that defendant violated his civil rights and denied him reasonable accommodations for his disability; and

      WHEREAS, no party to this action is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of

the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

WHEREAS, DOCCS, as the Department alleged in the Complaint to have caused injuries, has approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, DOCCS does not admit any wrongdoing but approves settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Settlement Agreement in connection with the settlement of this action; and

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement by and between the parties and/or their respective counsel, it is stipulated and agreed as follows:

1. **Dismissal of the Action with Prejudice.**

The parties hereby agree that the above-captioned action is discontinued and dismissed on the merits, with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. **Payments to Plaintiff.**

No person not a party has an interest in the subject matter of the above-entitled action be, and the same hereby is, settled, discontinued and dismissed on the merits, with prejudice, as to defendant DOCCS upon payment of the sum of **SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00)**. The State of New York, on behalf of DOCCS, shall pay to the Darnell Cummings Supplemental Needs Trust the sum of Seventy-Five Thousand Dollars ($75,000.00), for which an I.R.S. Form I 099 shall be issued, in full satisfaction and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and

emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages). A check in the amount of Seventy-Five Thousand Dollars ($75,000.00), shall be drawn to the order of the Darnell Cummings Supplemental Needs Trust and forwarded to Daniel O'Brien, Esq. at Woods Oviatt Gilman LLP, 1900 Bausch & Lomb Place, Rochester, New York 14604.

3.  **General Release in Favor of Defendant(s).**

In full consideration of the payment of the sum set forth above, the plaintiff hereby releases the Defendant and any and all current of former employees of the Defendant, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

In further consideration of the payment of the sum set forth above, plaintiff hereby waives, releases and forever discharges Defendant and any and all current or former employees of DOCCS, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, known or unknown, arising out of the plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4.  **State Approval of Payments on Behalf of Defendant(s).**

Payment of the sum set forth in paragraph 2 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law, § 17. Payment is conditioned on plaintiff and plaintiff's counsel executing and delivering to counsel for Defendant all necessary or appropriate vouchers and other documents requested with respect to such payment.

5.  **Accrual of Interest.**

Payment of the amount referenced in paragraph 2 will be made within one hundred and twenty (120) days after the approval and ordering of this Settlement Agreement by the Court and receipt by Defendant's counsel of a copy of the so-ordered Settlement Agreement along with any further documentation as required under paragraphs 2 and 4 hereof, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

In the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff.

6.  **Costs.**

Each party shall bear its own costs and fees relating to this proceeding and the costs and fees are waived by the parties against each other.

4

### 7. No Admissions.

Nothing contained herein shall constitute an admission by Defendant that said Defendant deprived the plaintiff, Darnell Cummings, of any right, or of failing to perform any duty under the Constitutions, Statutes, Rules, Regulations or other laws of the United States or the State of New York. This Settlement Agreement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Settlement Agreement.

### 8. Waiver of Attorney's Fees and Lien.

Woods Oviatt Gilman LLP hereby releases and waives its lien for services upon the above-named plaintiff's causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiff pursuant to Section 475 of the Judiciary Law or otherwise.

### 9. No Other Attorney.

Woods Oviatt Gilman further represents that there are no other attorneys having a lien pursuant to the provisions of Section 475 of the Judiciary Law or otherwise for services rendered to plaintiff.

### 10. Medicare Certification.

Plaintiff represents and warrants that he is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance (SSDI), that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the settlement. Plaintiff has delivered a fully executed and notarized Affidavit of Medicare Eligibility Status to the Office of the Attorney General. Plaintiff and Plaintiff's attorneys

acknowledge that receipt of the fully executed Medicare Affidavit together with any required attachments is a prerequisite to payment of the settlement amount referenced in Paragraph 2 above. Upon receipt by defendant's attorney of all required settlement papers, including the fully executed Medicare Affidavit, payment of the settlement shall be made in accordance with CPLR 5003-a(c).

**11.   Other Liens.**

That plaintiff agrees that DOCCS, and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further agrees that he will defend, indemnify and hold harmless the State of New York and DOCCS, its officers, agents and employees and the State of New York in connection with the satisfaction of any such liens.

12.   **Headings**

The headings contained in this Settlement Agreement are for the convenience of reference only and are not a material part of this Settlement Agreement.

**13.   Submission to the Court.**

This Settlement Agreement shall be submitted, without further notice, to the Court to be "So-Ordered."

**14.   Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein and have each executed this Settlement Agreement.

Dated: Rochester, New York

August 18, 2022

By: _____

Woods Oviatt Gilman LLP
*Attorneys for the Plaintiff*
1900 Bausch & Lomb Place
Rochester, New York 14604

Donald O'Brien, Jr., Esq.

Dated: Buffalo, New York

August 18, 2022

By: _____

LETITIA JAMES
Attorney General of the
  State of New York
*Attorney for the Defendant*
New York State Office of the
  Attorney General
350 Main St., Suite 300-A
Buffalo, New York 14604

Darren Longo
Assistant Attorney General, of Counsel

Dated:

SO ORDERED:

                                              Hon. William M. Skretny
                                              United States District Court Judge